# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2010

Lyle W. Cayce
Clerk

No. 08-50332
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERVIN DARRELL GARNETT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:99-CR-86-ALL

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Ervin Darrell Garnett, federal prisoner # 95121-080, appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence. Garnett argues that he is entitled to a sentence reduction under § 3582(c)(2) based on Amendments 706 and 711 to the United States Sentencing Guidelines. He asserts that the district court abused its discretion by using marijuana equivalents to determine his base offense level because the marijuana conversion table contravenes the purpose of Amendment 706. He also asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court should have been unrestricted in its discretion to reduce his sentence based on the factors set forth in 18 U.S.C. § 3553(a).

The district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion, while its interpretation or application of the Guidelines is reviewed de novo. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). However, Garnett did not challenge in the district court the utility of the marijuana conversion table, nor did he raise his argument concerning the district court's discretion based on the § 3553(a) factors; these arguments, therefore, are reviewed for plain error. *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010), *cert. denied*, 2010 WL 1848457 (Oct. 4, 2010) (No. 09-10607); *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Garnett has not established that the district court erred in denying his § 3582(c)(2) motion. Because Garnett was accountable for more than 4.5 kilograms of cocaine base, he was ineligible for a sentence reduction based upon the crack cocaine amendments. *See* U.S.S.G. § 2D1.1(c)(1) & comment. (n. 10(D)(ii)). His base offense level consequently was not modified, and his advisory guidelines range was not lowered as a result of the amendments. Thus, the district court did not abuse its discretion in determining that Garnett was ineligible for a sentence reduction under § 3582(c)(2). *See Evans,* 587 F.3d at 672.

To the extent that Garnett seeks to challenge the calculation of the relevant drug quantity at his initial sentencing, that issue is beyond the scope of the guideline amendment and is not cognizable in a § 3582(c)(2) proceeding. *See id*. at 674. Accordingly, Garnett cannot show error, much less plain error, concerning this issue. *See Jones*, 596 F.3d at 276; *Puckett*, 129 S. Ct. at 1429.

Garnett also cannot establish clear or obvious error with respect to his contentions that *Gall v. United States,* 552 U.S. 38 (2007), *Kimbrough v. United States,* 552 U.S. 85 (2007), and *Booker v. United States,* 543 U.S. 220 (2005)

should apply in § 3582(c)(2) proceedings and that the district court should have been unrestricted in its discretion to resentence him under the § 3553(a) factors. *See Jones*, 596 F.3d at 276; *Puckett*, 129 S. Ct. at 1429.  The Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings.  *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691-93 (2010).  Garnett's argument based on *Booker* and its progeny is therefore unavailing.

AFFIRMED.