# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2011

No. 09-10520
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO PEREZ,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-185-4

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sergio Perez pleaded guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine. The district court found that Perez gave false testimony with the intent to influence his sentence, added two levels to the base offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1, and denied a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court sentenced him to 235 months of imprisonment to be followed by a five-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10520

He challenges the drug quantity calculated by the district court based on the information contained in the presentence report (PSR). The district court's determination of the quantity of drugs attributable to a defendant for purposes of § 2D1.1 is a factual finding made under the preponderance of the evidence standard reviewed for clear error. *United States v. Betancourt*, 422 F.3d 240, 246-47 (5th Cir. 2005). A district court may rely on the information in a PSR in the absence of rebuttal evidence. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). The only rebuttal evidence presented to the information in the PSR was the testimony of Perez that he did not regularly deal in kilogram quantities of cocaine. The district court found that this testimony was false. Great deference is given to a district court's credibility determinations. *United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999). The district court did not err in relying on the information in a PSR in the absence of any credible rebuttal evidence.

Perez argues that the district court erred in imposing an offense level increase for obstruction of justice and in denying a reduction for acceptance of responsibility because the district court delegated the determination as to his codefendant's credibility to the police officer testifying at sentencing. With respect to obstruction of justice, the increase is reviewed for clear error, and will not be set aside absent this court's "definite and firm conviction that a mistake has been committed." *United States v. Pofahl*, 990 F.2d 1456, 1481, 1488 (5th Cir. 1993). The district court found that Perez knowingly had given false testimony for the purpose of influencing his sentence. Perez has not shown that this finding was clearly erroneous. With respect to the denial of credit for acceptance of responsibility, Perez has not shown that it was without foundation. *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

AFFIRMED.