# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10480
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-185-4

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sergio Perez, federal prisoner # 38176-177, pleaded guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine and was sentenced to 235 months of imprisonment to be followed by a five-year term of supervised release. *United States v. Perez*, 442 F. App'x 952, 953 (5th Cir. 2011). Perez filed a motion under 18 U.S.C. § 3582(c)(2) for a modification

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10480

of his sentence in light of Amendment 782 to the Sentencing Guidelines. The district court granted the motion and reduced Perez's sentence to 188 months in prison. Perez moved under § 3582(c)(2) for another modification of his sentence, this time under Amendment 775 to the Sentencing Guidelines. The district court denied relief, determining that Perez was not qualified for a reduction.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "[i]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)," so long as the reduction is consistent with the applicable policy statements. § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). Section 3582(c)(2) applies only to retroactive guidelines amendments as set forth in U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010). We review de novo whether a district court has authority to reduce a sentence under § 3582(c)(2). *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

Perez's § 3582(c)(2) motion was based on Amendment 775 to the Sentencing Guidelines. Amendment 775 is not included in the list of amendments set forth in § 1B1.10(d). Accordingly, Perez was not eligible for relief under § 3582(c)(2) based on Amendment 775, and the district court did not err in denying his motion. *See Jones*, 596 F.3d at 276.

AFFIRMED.