# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 4, 2010

No. 08-30725

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

STACEY JONES, also known as Pokey,

Defendant - Appellant

Appeals  from the United States District Court for the
Western District of Louisiana

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

In this appeal we consider whether the district court committed plain error in denying a motion to re-sentence Stacey Jones after he had become eligible for re-sentencing in light of an amendment passed by the Sentencing Commission. For the following reasons, we now AFFIRM the judgment of the district court.

I.

Stacey Jones was sentenced in 2000 to 292 months of imprisonment for conspiracy to possess with intent to distribute 50 grams or more of crack cocaine.  In determining the applicable guideline range, the probation officer

No. 08-307258

established Jones's U.S.S.G. § 2D1.1 offense level for his drug offense as 38 because the amount of crack cocaine attributable to Jones was more than 1.5 kilograms.   Additionally, the probation officer recommended a three-level adjustment for acceptance of responsibility, lowering Jones's § 2D1.1 offense level to 35.   Jones was also found to be a career offender, based on two prior convictions for crimes of violence.  His U.S.S.G. § 4B1.1 offense level as a career offender was 37.  After a three-level adjustment for acceptance of responsibility, Jones's career offender offense level was 34.  Since  the § 2D1.1 drug offense level after the adjustment (35) was greater than the § 4B1.1 career offender offense level after the adjustment (34), the § 2D1.1 offense level was used to determine Jones's sentencing range.[1]  Jones's level-35, category-VI sentencing range was 292-365 months of imprisonment and he was sentenced to 292 months.[2]

In 2008, Jones, acting *pro se,* moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).[3]  He argued, first, that his § 2D1.1 offense level should be lowered to 33 pursuant to Amendment 706 which decreased by two levels the base offense levels for his crack cocaine offenses.   Jones also argued that the district court had discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007) to depart from the sentencing range resulting from application of Amendment 706. In addition, Jones requested that the district court consider his rehabilitative

---

[1] § 4 B1.1(b) reads, in pertinent part: "If the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level . . . [for a career offender] . . . shall apply."

[2] Because Jones was a career offender, he was automatically placed in criminal history category VI.

[3] 18 U.S.C. § 3582(c)(2) reads, in pertinent part: "The court may not modify a term of imprisonment once it has been imposed except: . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o)."

No. 08-307258

efforts in prison to fashion a sentence addressing the factors of 18 U.S.C. § 3553(a).

In response to Jones's motion, the probation officer recommended that no reduction was warranted. The probation officer made this judgment based on his erroneous determination that Jones had been sentenced as a career offender under § 4B1.1.[4] A Federal Public Defender (FPD) was appointed to represent Jones. The FPD erroneously agreed with the probation officer that Jones's sentence was not based on his § 2D1.1 drug offense level; but he nevertheless argued that Jones should be re-sentenced because Amendment 706 still applied and had the effect of lowering Jones's sentence. The Government argued that Jones was not entitled to a sentence reduction because Jones was sentenced as a career offender and thus Amendment 706 was not applicable. The Government further argued that *Booker* and its progeny are inapplicable to § 3582 proceedings.

Without holding a hearing, the district court denied Jones's § 3582(c)(2) motion, apparently relying on grounds erroneously set forth by the probation officer that the sentence was based on Jones's career offender status and not his drug offense. Jones filed a timely notice of appeal.

II.

A.

When the issue has been properly preserved, we review *de novo* a district court's authority to reduce a sentence pursuant to § 3582(c)(2). *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). In this case, the parties, probation

---

[4] The Probation Office's re-calculation of the applicable guideline range of imprisonment incorrectly stated that Jones's sentencing range was, "292 - 365–Based on Chapter Four Career Offender Enhancement" and recommended, "[n]o change as original Sentenced [sic] was based on a Chapter Four Career Offender Enhancement."

No. 08-307258

officer, and district court all operated on the assumption that Jones's career offender offense level (§ 4B1.1) had determined his sentence. Before the district court, Jones erroneously acknowledged that he had been sentenced as a career offender under § 4B1.1 and argued that because his § 4B1.1 sentence (based on his career offender status) was predicated on the underlying § 2D1.1 drug offense, Amendment 706 should apply.   On appeal, Jones now argues that because Amendment 706 should be applied retroactively to reduce his § 2D1.1 offense level from 35 to 33, his § 4B1.1 career offender offense level of 34 is the applicable level to determine a new sentence. Because the issue Jones raises on appeal was not presented to the district court, the issue is reviewed for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005).[5]

## B.

To demonstrate plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *United States v. Olano,* 507 U.S. 725, 732–37 (1993). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

In this case, the first two prongs of the plain error analysis are satisfied. First, there was error.  The district court apparently adopted the probation officer's mistaken conclusion that Jones had been sentenced as a career offender under § 4B1.1 and thus Amendment 706 was inapplicable. However, Jones was sentenced under  § 2D1.1 based on his drug offense.   Therefore, Amendment 706, which  modified the guidelines range applicable to crack cocaine offenses, applies to Jones's sentence. An amount of crack cocaine between 1.5 and 4.5

---

[5] On appeal, Jones also argues that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) is applicable to proceedings under § 3582(c)(2).  This argument is foreclosed by *United States v. Doublin*, 572 F.3d 235 (5th Cir. 2009) in which we held that *Booker* does not apply to 18 U.S.C. § 3582 reductions.  *Doublin* was decided while Jones's case was pending on appeal.

kilograms now places a defendant at a base offense level of 36, two levels lower than the level under which Jones was sentenced. *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). Thus, adjusting the three points reduced for Jones's acceptance of responsibility to his sentence after Amendment 706, his new § 2D1.1 level would be 33. Because his career offender offense level would result in a greater sentencing range than would the drug offense level, the career offender level of 34 under § 4B1.1 would control the applicable sentence Jones could receive. *See* 4B1.1(b). Because Amendment 706 directly affected the offense level Jones received, the district court was in error. In addition, the error was plain. It was obvious that Jones had been sentenced under § 2D1.1 rather than under § 4B1.1.

For the third prong of plain error review to be satisfied, the defendant must show that the error affected his substantial rights. *Olano*, 507 U.S. at 734. In inquiring whether the defendant's substantial rights have been affected under a misapplication of the Guidelines, the "proper question . . . is whether the defendant can show a reasonable probability that, but for the district court's misapplication of the guidelines, he would have received a lesser sentence." *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005). Jones was originally sentenced to 292 months, the bottom of the range for an offense level of 35 and a criminal history category of VI. After Amendment 706, Jones could be re-sentenced as a career offender under § 4B1.1 within a range of 262-327 months. Therefore, the issue narrows to whether Jones's substantial rights were affected by the district court's error when his original sentence lies squarely within the guidelines range under which he now seeks to be re-sentenced.

In *United States v. Jasso*, 587 F.3d 706 (5th Cir. 2009), we addressed a substantially similar fact pattern and declined to find that a defendant's substantial rights were affected. In *Jasso,* the defendant was assigned five criminal history points in determining his guideline range, two of which, he

argued on appeal, were incorrectly assigned. *Id.* at 713. With an offense level of 21, the district court found that the guideline range was forty-six to fifty-seven months and sentenced the defendant to forty-six months. *Id.* On appeal, the defendant argued for the first time that the district court's erroneous assignment of the two criminal history points was reversible error. *Id.* Despite the district court's error in assigning the criminal history points to the defendant, however, this court found that the defendant's substantial rights were not affected for purposes of plain error review. *Id.* We stated:

> If this Court were to subtract the two criminal history points that the district assigned in error, that would put Jasso at a criminal history category II, with a corresponding advisory range of forty-one to fifty-one months in prison. His current sentence of forty six months, therefore, falls squarely in the middle of his corrected sentence. Given this set of circumstances, we conclude that Jasso cannot demonstrate a reasonable probability, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence.

*Id.* at 713–14.[6] Similarly, Jones's current 292 month sentence falls squarely within the applicable range (262-327) for which he would have been eligible had he been re-sentenced pursuant to § 4B1.1.

Although the difference in Jones's original sentence and the bottom end of the sentencing range he now seeks to apply is thirty months, because of the substantial overlap between the original and proposed sentencing ranges, Jones

---

[6] *See also United States v. Lira Lopez*, 149 Fed. Appx. 318, 319 (5th Cir. 2005) ("Lira Lopez's sentence of forty-six months falls into either Guideline range calculation and he has failed to point to any other evidence in the record indicating that, but for this error, the district court would have imposed a shorter sentence. Since the sentence was not higher than the correct range under the Guidelines, we see not reason to change our prior affirmance in this case." (internal citations and quotations omitted); *United States v. Regalado-Flores*, 236 Fed. Appx. 979 (2007) ("Without the "aggravated felony" enhancement, the applicable Guideline imprisonment range for Regalado-Flores is twenty-four to thirty months, which overlaps with the twenty-four months actually imposed by the district court in this case. Regalado-Flores has failed to carry his burden of establishing that the error affected his substantial rights.").

cannot satisfy the third prong of plain error review. In *United States v. Villegas*, 404 F.3d 355, 365 (5th Cir. 2005), the sentencing range calculated by the district court was twenty-one to twenty-seven months, while the range without the erroneous enhancement should have been ten to sixteen months. The *Villegas* court determined that because there was no overlap between the two sentences, the district court's error necessarily increased the defendant's sentence and thus affected his substantial rights. *Id.* Since *Villegas*, this Circuit has generally found a violation of a defendant's substantial rights when no overlap exists between the correct and erroneous sentences. *See Jasso*, 587 F.3d at 714 n.10 (*citing United States v. Munoz-Ortenza*, 563 F.3d 112, 116 (5th Cir. 2009); *United States v. Gonzales-Terrazas*, 529 F.3d 293, 298-99 (5th Cir. 2009); *United States v. Sanchez*, 527 F.3d 463, 466 (5th Cir. 2008); *United States v. Dentler*, 492 F.3d 306, 314 (5th Cir. 2007); *United States v. Brazell*, 489 F.3d 666, 669 (5th Cir. 2007); *United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005)).

In *United States v. Price*, 516 F.3d 285, 289 (5th Cir. 2008), however, this court found that a defendant's substantial rights had been affected by an erroneous sentence even when the correct and the erroneous sentencing ranges had overlapped. In *Price*, the defendant was erroneously sentenced to 110 months within a 110–120 range; the correct sentencing range, however, was 92–115 months. *Id.* Because the difference between the minimum sentence that the defendant might have received without the error and the sentence he did receive was a greater difference than the difference at issue in *Villegas*, the court in *Price* concluded that the defendant's substantial rights were affected. *Id.* at 289 n. 28. *Price* recognized, however, that the defendant's ability to show a reasonable probability that he would have received a lower sentence was due to the nature of the overlap between the correct and erroneous sentencing ranges. *Id.* In *Price*, the sentencing ranges overlapped by only five months. Thus, despite finding that the defendant in *Price*'s substantial rights were

affected, the court acknowledged that in instances where the overlap between the two sentencing ranges was greater, the satisfaction of the third prong of plain error review would be more difficult to show: "With more of an overlap between correct and erroneous sentencing ranges, we would face a closer question of "substantial rights" . . . We leave that for another day ." *Id.*   Unlike the defendant's sentence in *Price*, Jones's original sentence lies squarely in the middle of the range he proposes the district court should now apply. Moreover, the overlap between the correct and erroneous sentencing range is not five months but thirty five months, making it more difficult for Jones to show that the district court's error actually did affect his substantial rights.

Jones argues that because he was originally sentenced at the bottom of the applicable guideline range, it "seems highly probable that the district court would choose to reduce Jones's sentence to the low end of his recalculated range." The defendant in *Jasso* made the same argument Jones now makes; however, the court in *Jasso* remarked that this evidence alone was insufficient to show a reasonable probability that a defendant would have been received a lower sentence:

> Given that his current sentence sits squarely in the middle of the correct range, we cannot conclude–based on [the original sentence having been at the bottom of the guideline range]–that the district court would likely sentence him to a lower sentence if it had correctly computed the criminal history points. [The defendant's argument] only demonstrates that the district court, when faced with a  Guideline Range of forty-six to fifty-seven months, concluded it would be reasonable to place the defendant at the bottom of *that* range. Without any additional evidence, we cannot ascertain the likelihood that the district court would consider the lowest end of *any* range to be appropriate.

*Id.* at 714 n. 11 (emphasis in original). At Jones' s sentencing, the district judge stated that a 292 month sentence was "an appropriate level" and gave no

indication that he considered that the then-mandatory guidelines sentence was excessive or harsh.  *See also United States v. Hernandez-Gonzalez*, 405 F.3d 260, 262 (5th Cir. 2005) (holding that a sentence at the bottom of the guidelines level does not satisfy the third prong of plain error review since this fact alone does not create a reasonable probability that the defendant would have received a different sentence upon re-sentencing).  Accordingly, we conclude that Jones cannot demonstrate that the error affected his substantial rights.

Because Jones has failed to show that the court's error affected his substantial rights, we find that the district court did not commit plain error. The judgment of the district court is

AFFIRMED