# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2010

Lyle W. Cayce
Clerk

No. 09-41146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESTEBAN RODRIGUEZ-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-1451-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Esteban Rodriguez-Lopez appeals his 77-month sentence following his guilty plea conviction for illegal reentry following previous deportation. Rodriguez-Lopez asserts that the district court plainly erred in assessing him two criminal history points under U.S.S.G. § 4A1.1(d) because he did not commit the instant offense "while under a criminal justice sentence." He insists that the error affected his substantial rights because without the two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history points he would have faced a guideline imprisonment range of 63 to 78 months, instead of 77 to 96 months.

To show plain error, Rodriguez-Lopez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

At the time Rodriguez-Lopez reentered the United States on June 10, 2009, there was no evidence that he was under a "criminal justice sentence" within the meaning of § 4A1.1(d). Thus, the district court erred in applying the two criminal history points, and the error is obvious. *See Puckett*, 129 St. at 1429. There is nothing in the record, however, to indicate "a reasonable probability" that the district court would resentence Rodriguez-Lopez to a lower sentence. *See United States v. Jones*, 596 F.3d 273, 277 (5th Cir. 2010), *petition for cert. filed* (May 5, 2010) (No. 09-10607). In fact, the district court denied Rodriguez-Lopez's request for a below-guidelines sentence. Accordingly, Rodriguez-Lopez has failed to show that his substantial rights were affected by the district court's error. *See Jones*, 596 F.3d at 277; *Puckett*, 129 S. Ct. at 1429.

Rodriguez-Lopez also contends that (1) the district court committed significant procedural error in its consideration and weighing of the 18 U.S.C. § 3553(a) factors, and (2) the sentence imposed was substantively unreasonable.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares,* 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a significant procedural error. *Gall*, 552 U.S. at 51. If there is no

such error, we then review the substantive reasonableness of the sentence imposed for abuse of discretion. *Id.*

Here, after hearing arguments from both parties, the district court briefly but amply stated its reasons for choosing a within-guidelines sentence. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008); *Rita v. United States*, 551 U.S. 338, 356-59 (2007). Rodriguez-Lopez is essentially asking us to substitute his assessment of the appropriate sentence for that of the district court, which we will not do. *See Gall,* 552 U.S. at 51. He has not established that the district court abused its discretion in imposing his sentence, and he has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See id.*; *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Rodriguez-Lopez has failed to show that the sentence is unreasonable. *See Gall*, 552 U.S. at 51; *Rita*, 551 U.S. at 346-47. The sentence is thus AFFIRMED.