# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 08-10400
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTOPHER THOMPSON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-382-ALL

Before HIGGINBOTHAM, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[1]

Christopher Thompson, federal prisoner # 31221-177, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Thompson contends he is eligible for a sentence reduction based on Amendment 706 to the United States Sentencing Guidelines. Amendment 706 lowers Thompson's offense level, but it does not lower his recommended sentencing range. Therefore, we affirm the district court's denial of his § 3582(c)(2) motion.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-10400

A jury convicted Thompson of four offenses: (1) possession of a firearm as a felon, (2) possession of a firearm within a school zone, (3) possession with intent to distribute fifty or more grams of cocaine base ("crack"), and (4) possession with intent to distribute fifty or more grams of crack within a school zone. At sentencing, the district court determined that Thompson was a career offender. The career-offender provision of the Sentencing Guidelines, § 4B1.1(b), provided that Thompson's offense level was 37 unless the otherwise-applicable base offense level was higher. It was—under the crack-cocaine provisions of the Guidelines in effect at the time, §§ 2D1.1 & 2D1.2, Thompson's adjusted offense level was 38. The district court applied the higher offense level of 38 which, combined with Thompson's criminal-history score, produced a recommended a sentencing range of 360 months to life. The district court varied downwardly and sentenced Thompson to 324 months in prison.[2]

Thompson filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). "Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) (per curiam). Thompson seeks a reduction in his sentence based on Amendment 706 to the Sentencing Guidelines. Amendment 706, which the Sentencing Commission made retroactive, reduced the base offense levels for crack-cocaine offenses. *United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). In general, Amendment 706 adjusts downward by two levels the base offense level for-crack cocaine offenses under § 2D1.1 of the Guidelines. *See id*.

---

[2] Thompson also received a sixty-month sentence for one of his firearms offenses and a 120-month sentence for the other one. The district court ordered that Thompson serve those sentences concurrently with the sentence for his crack-cocaine offenses, and Thompson does not challenge either of his firearms sentences on this appeal.

2

The district court denied Thompson's motion because it concluded that he was sentenced as a career offender and was therefore ineligible for a reduction in his sentence. We review de novo a district court's authority to reduce a sentence pursuant to § 3582(c)(2), *United States v. Jones*, 596 F.3d 273, 276 (5th Cir.), *cert. denied*, __ S. Ct. __, 2010 WL 1848457 (Oct. 4, 2010), and we review for an abuse of discretion a district court's discretionary decision to deny a § 3582(c)(2) motion, *United States v. Anderson*, 591 F.3d 789, 790 n.6 (5th Cir. 2009).

By its terms, § 3582(c)(2) allows a district court to reduce a defendant's sentence only if the defendant's "sentencing range" has subsequently been lowered by an amendment to the Guidelines. Without more, the fact that a defendant's base or adjusted offense level has been reduced is not enough to entitle that defendant to a sentence reduction under § 3582(c)(2). If the defendant's recommended sentencing range remains the same even though his offense level has been lowered, he is not eligible for resentencing. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B.1.10 cmt. n.1 (2010).

Thompson thus finds himself ineligible for resentencing. Thompson's adjusted offense level of 38 under § 2D1.1 was subject to a two-level reduction under Amendment 706. *See Jones*, 596 F.3d at 276-77. But Thompson was sentenced as a career offender under § 4B1.1. Thompson's adjusted offense level was determined under § 2D1.1 instead of § 4B1.1 only because the adjusted offense level under § 2D1.1 was higher. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(b) (2010). Amendment 706 did not change the fact that § 4B1.1(b)(A) sets Thompson's offense level at 37. Consequently, the newly lowered offense level of 36 under § 2D1.1 does not apply to Thompson because it is not greater than the offense level of 37 that is otherwise applicable under § 4B1.1. *See id.*

The effect of Amendment 706 was to reduce Thompson's offense level not from 38 to 36, but from 38 to 37. For a defendant such as Thompson whose

No. 08-10400

criminal-history category is VI, the recommended sentencing range for an offense level of 37 is the same as it is for an offense level of 38. *See id.* ch. 5, pt. A. (Sentencing Table).    Either way, the Guidelines recommends a term of imprisonment of 360 months to life.

Because Thompson's Guidelines imprisonment range has not been lowered, the district court did not err in determining that it lacked authority under § 3582(c)(2) to lower Thompson's sentence, and its denial of Thompson's motion was not an abuse of discretion.    We affirm the district court's order denying Thompson's motion for a sentencing reduction.

As Thompson has not shown that the interest of justice requires appointment of counsel in this case, his motion for appointment of counsel is denied.    *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

AFFIRMED; MOTION DENIED