**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2012

No. 12-10024
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY BERNARD VAUGHN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CR-73-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Johnny Bernard Vaughn, federal prisoner # 25787-177, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion. Vaughn, convicted of possession with intent to distribute cocaine base, argued in that motion that he was entitled to a reduction in sentence pursuant to Amendment 750 to the United States Sentencing Guidelines. Reviewing the district court's interpretation of the Guidelines de novo, we affirm. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10024

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). In 2008 Vaughn had successfully argued that he was entitled to a § 3582(c)(2) reduction pursuant to Amendment 706.

Our review of the entire record, including the original sentencing and the prior § 3582(c)(2) motion, establishes that on § 3582(c)(2) review, the career offender offense level under § 4B1.1 was greater than the amended cocaine base level under § 2D1.1. As such, Vaughn was entitled only to a reduction within the career offender range. *See United States v. Jones*, 596 F.3d 273, 276-77 (5th Cir.), *cert. denied*, 131 S. Ct. 93 (2010); *see also* § 1B1.10(b)(1). Application of the career offender Guideline for purposes of the instant motion resulted in the same guideline range applicable in Vaughn's earlier § 3582(c)(2) proceeding. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table). Consequently, Vaughn was ineligible for a reduction in sentence based on Amendment 750 because the amendment did not have the effect of lowering the applicable guideline range. *See* § 1B1.10(a).

To the extent that Vaughn argues in his reply brief that he should not have received a two-level enhancement for possessing a firearm, that issue is waived. *See United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989). Finally, to the extent Vaughn argues that the district court otherwise had the discretion to resentence him to a lesser sentence, § 3582(c)(2) proceedings are not full resentencings. *Dillon v. United States*, 130 S. Ct. 2683, 2690-94 (2010). The principles of *Booker*[1] and its progeny do not apply to § 3582(c)(2) proceedings,

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

and a sentencing court lacks discretion to reduce the sentence any further than the reduction allowed under § 1B1.10.  *Id.*; *Doublin*, 572 F.3d at 238.

AFFIRMED.