# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2012

No. 12-10171
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ARTHUR JARROD JACKSON, also known as Arthur J. King,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:92-CR-499-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Arthur Jarrod Jackson, federal prisoner # 24173-077, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Jackson argues that district court erred in not conducting an 18 U.S.C. § 3553 analysis; the applicable Guidelines violated his due process and equal protection rights; the district court should have applied a 1:1 ratio; his sentence was based on U.S.S.G. § 2D1.1 and then enhanced under U.S.S.G. § 4B1.1 and, therefore, the district court erred in denying his motion because he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was sentenced under § 4B1.1; and the sentencing judge should have decided his § 3582(c)(2)  motion as the sentencing judge expressly stated that if Congress ever reduced the guidelines range for this offense, Jackson's sentence should be reduced.

Because Jackson's sentence was based on the career offender guidelines provision, § 4B1.1, the reductions resulting from the amended § 2D1.1 would have no impact on his offense level or the applicable guidelines range. Therefore, § 3582(c)(2) did not authorize a reduction in Jackson's sentence. *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Anderson*, 591 F.3d 789, 790-91 & n.9 (5th Cir. 2009). Accordingly, the district court did not abuse its discretion in denying his § 3582(c)(2) motion.

For the first time on appeal, Jackson also contends that the district court abused its discretion by failing to do a complete § 3553 analysis, including consideration of numerous additional issues. Because Jackson did not raise these issues in the district court, review is limited to plain error. *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). To show plain error, Jackson must show a forfeited error that was clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he made this showing, this court would have the discretion to correct the error but only if it seriously affected the fairness, integrity or public reputation of judicial proceedings. *Id.*

Because Jackson's arguments are not based on a retroactively applicable amendment to the Guidelines, he may not raise them in a § 3582(c)(2) proceeding. *See* U.S.S.G. § 1B1.10(a); *see Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010). The district court determined that Jackson was ineligible for a reduction under § 3582(c)(2) and, therefore, the district court was not required to determine whether the § 3553(a) sentencing factors warranted a reduction. *See Dillon*, 130 S. Ct. at 2691-92. The principles of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny also do not apply to § 3582(c)(2) proceedings; a

No. 12-10171

sentencing court lacks discretion to reduce a sentence further than the reduction allowed pursuant to § 1B1.10. *Dillon*, 130 S. Ct. at 2692; *United States v. Doublin*, 572 F.3d 235, 237-39 (5th Cir. 2009). Jackson's arguments based upon extra-circuit opinions are unavailing as this court is bound by its precedent unless it is overruled by an en banc decision of this court or by a decision of the Supreme Court. *See United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006).

AFFIRMED.