# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-10007
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESSE RAY WESTBROOK,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:04-CR-40-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Jesse Ray Westbrook, federal prisoner # 32916-177, challenges the denial of his 18 U.S.C. § 3582(c)(2) motion to modify his 2005 sentence of, *inter alia*, 211-months' imprisonment for his guilty-plea conviction for possession of cocaine with intent to manufacture cocaine base.

Reduction *vel non* of a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion. *E.g.*, *United States v. Evans*, 587 F.3d 667, 672 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2009). The court determines: (1) whether, and to what extent, a sentence modification is authorized; and (2) whether any reduction is warranted in the light of any applicable 18 U.S.C. § 3553(a) sentencing factors. *Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010).

The district court implicitly determined Westbrook was eligible for a reduction, but concluded it was not warranted in the light of the § 3553(a) factors and the circumstances of his case. *E.g.*, *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). The court was under no obligation to reduce his sentence. *Evans*, 587 F.3d at 673. It properly considered the § 3553(a) factors, the motion and other papers, and Westbrook's post-sentencing conduct, positive and negative, in making its decision. *Id.* at 672-73; U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(iii) (discussing factors to consider when determining whether reduction is warranted). Accordingly, it did not abuse its discretion.

Westbrook contends, for the first time on appeal, that the court had the authority and discretion to apply retroactively the Fair Sentencing Act of 2010 (FSA) to correct the inequalities, clear error, and manifest injustice arising from the Guidelines in crack-cocaine cases. If a § 3582(c)(2) movant raises an issue for the first time on appeal, review is only for plain error: "[T]he appellant must show a forfeited error that is clear or obvious and that affects his substantial rights" (reversible plain error). *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). Even for reversible plain error, we retain discretion whether to correct it and generally will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings". *Id.* Because Westbrook was sentenced in 2005, long before the FSA's 3 August 2010 effective date, the new lower statutory minimums are inapplicable to his sentence, and his contention is without merit. *Dorsey v. United States,* 132 S. Ct. 2321, 2335 (2012). Accordingly, the district court did not commit reversible plain error in not applying the FSA retroactively. *Jones*, 596 F.3d at 276.

AFFIRMED.