# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2013

Lyle W. Cayce
Clerk

No. 12-10132
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATHOM MADANE DANIELS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-09-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis, Pathom Madane Daniels, federal prisoner # 36920-177, appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. He contends that the district court should have reduced his sentence even more than it did because, he argues, his original sentence was based on relevant conduct that he did not admit and that was not proven beyond a reasonable doubt in violation of *Apprendi v. New*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

Daniels did not raise this issue in his motion in the district court; thus, our review is for plain error. *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). Section 3582(c)(2) gives a district court the discretion to modify a defendant's sentence in certain cases where the Sentencing Commission lowers the applicable guidelines range after the defendant has been sentenced. *United States v. Doublin*, 572 F.3d 235, 236-37 (5th Cir. 2009); *see* § 3582(c)(2). However, motions under § 3582(c)(2) may not be used to challenge the correctness of the defendant's original sentence, as Daniels attempts to do here. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

Accordingly, the judgment of the district court is AFFIRMED.