**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Anthony KIZZEE, Defendant–
Appellant.**

No. 13–60199
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 26, 2014.

Gaines H. Cleveland, Assistant U.S. Attorney, Jay Tresca Golden, Esq., Assistant U.S. Attorney, John Arthur Meynardie, Esq., U.S. Attorney's Office, Gulfport, MS, Pshon Barrett, Assistant U.S. Attorney, U.S. Attorney's Office, Jackson, MS, for Plaintiff–Appellee.

Anthony Kizzee, Adelanto, CA, pro se.

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Anthony Kizzee, federal prisoner # 07411–112, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. He was convicted by a jury of, inter alia, conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base and was sentenced to life imprisonment. He contends that he is eligible for a sentence reduction under Amendment 750 to U.S.S.G. § 2D1.1.

Because Kizzee was responsible for more than 8.4 kilograms of cocaine base, the quantity that triggers the highest base offense level under the retroactive, amended version of § 2D1.1(c)(1), he was ineligible for a sentence reduction. *See* U.S. SENTENCING GUIDELINES MANUAL app. C, vol. III, amendment 750, pp. 391–98, amendment 759, pp. 416–21 (2011); U.S.S.G. § 1B1.10(a)(2)(B). Therefore, the district court did not abuse its discretion in denying him a sentence reduction under § 3582(c)(2). *See United States v. Evans,* 587 F.3d 667, 672 (5th Cir.2009).

We review for plain error Kizzee's assertion that the district court was precluded pursuant to the law-of-the-case doctrine from attributing a higher drug quantity to him in denying the instant § 3582(c)(2) motion. *See United States v. Jones,* 596 F.3d 273, 276 (5th Cir.2010). Kizzee is mistaken insofar as he asserts that this court or the district court previously found that he was accountable for only 1.5 or 4.5 kilograms of cocaine. The record indicates that the district court at the original sentencing attributed more than 100 kilograms of cocaine to Kizzee. The previous references to 1.5 or 4.5 kilograms were made in the context of explaining that Kizzee exceeded the quantity necessary for the highest base offense level available at that time.

We also review for plain error Kizzee's assertion that the Sixth Amendment guarantee of due process requires that he be held accountable only for the quantity alleged in the indictment, 750 grams. *See id.* A motion under § 3582(c)(2) may not be used to challenge the correctness of the defendant's original sentence, as Kizzee attempts to do here. *See Dillon v. United*

---

*States,* 560 U.S. 817, 831, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). There was no error, plain or otherwise.

The judgment of the district court is AFFIRMED, and the Government's motion for summary affirmance is GRANTED. This is Kizzee's third unsuccessful § 3582(c)(2) motion. Prior to the filing of the instant appeal, we denied Kizzee authorization to file a successive 28 U.S.C. § 2255 motion and warned him that future frivolous filings would subject him to sanctions. Because Kizzee has repeatedly filed motions for a reduction of sentence under § 3582(c)(2) when he is ineligible for relief and failed to heed our sanction warning, he is again WARNED that frivolous, repetitive, or otherwise abusive filings in the future will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.