# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50111
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO DE LOS SANTOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-467-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alejandro De Los Santos, federal prisoner # 19024-280, appeals the denial of an "Agreed Motion for a Sentence Reduction," under 18 U.S.C. § 3582(c)(2), relative to the sentence he received following his conviction for of conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. De Los Santos based his motion on Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50111

782 to the Guidelines, which had the effect of retroactively lowering most drug-related base offense levels by two levels.

De Los Santos asserts that the district court improperly relied entirely on its determination that he had perjured himself at trial and did not consider that De Los Santos had already received a sentencing enhancement for obstruction of justice and also failed to satisfy its obligation to review anew the 18 U.S.C. § 3553(a) factors. De Los Santos contends that the § 3553(a) factors support granting his motion, particularly because as a first-time non-violent offender, he poses no danger to public.

We review De Los Santos's arguments for plain error, as he did not present them to the district court. *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). De Los Santos has not shown error. The court correctly recognized that he was eligible for a reduction; however, it denied the motion as a matter of discretion, noting that De Los Santos had a serious jury trial at which he gave perjured testimony, which was appropriate for the court to consider in denying the motion. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010); 18 U.S.C. § 3553(a)(1). Also, the district court had before it De Los Santos's arguments in favor of a sentence reduction and gave due consideration to the § 3582(c)(2) motion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.