# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-20124
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYAN MAXWELL,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:90-CR-97-1

————————————

Before KING, DENNIS, and COSTA, Circuit Judges

PER CURIAM:[*]

Bryan Maxwell, federal prisoner # 50539-079, appeals the district court's denial of his motion for a sentence reduction based on Amendment 484 to the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). We review de novo the district court's authority to reduce a sentence pursuant to § 3582(c)(2). *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20124

Maxwell argues that the district court abused its discretion by denying his motion without stating reasons and that his case should be remanded for such a statement. "[A] court is not required to state findings of facts and conclusions of law when denying a § 3582(c)(2) motion." *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009) (internal quotation marks and footnote citation omitted). Even assuming that the district court was required to state its reasons for denying Maxwell's motion, any error is harmless since, as addressed below, Maxwell is clearly ineligible for relief. *See* 28 U.S.C. § 2111; FED. R. CRIM. P. 52(a).

A defendant is eligible for a sentence reduction if the applicable guidelines range is lowered by an amendment to the Guidelines listed in U.S.S.G. § 1B1.10(d), p.s., such as Amendment 484. *See* § 1B1.10(a), (d). A defendant is not eligible for a sentence reduction if the listed amendment "does not have the effect of lowering the applicable guidelines range." § 1B1.10(a)(2)(B).

Maxwell's sentence was not based on the drug quantity table in § 2D1.1 that was amended by Amendment 484. His sentence was based on the career offender guideline, U.S.S.G § 4B1.1 (Nov. 1, 1987). When Maxwell was sentenced, the career offender guideline provided (as it does now) that if the career offender offense level is greater than an "otherwise applicable" offense level, the career offender offense level "shall apply." § 4B1.1. Thus, he was ineligible for a § 3582(c)(2) sentence reduction. *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Maxwell has cited no precedential or persuasive authority that *Anderson* is no longer the applicable law in this circuit. Accordingly, the district court did not err in denying Maxwell's motion. *See Dillon*, 560 U.S. at 826; *Jones*, 596 F.3d at 276.

No. 16-20124

A § 3582(c)(2) motion is not the proper vehicle for Maxwell to challenge the application of the career offender guidelines, either because he does not have a qualifying offense, as addressed on direct appeal in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), or because the career offender guideline is constitutionally infirm in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), as may be addressed by the Supreme Court in *Beckles v. United States*, 136 S. Ct. 2510 (2016) (granting petition for writ of certiorari).

The judgment of the district court is AFFIRMED.