# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-30784
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRED JOINER, III,

Defendant-Appellant

————

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-338-1

————

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Fred Joiner, III, federal prisoner # 29993-034, appeals following the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on a recent amendment to the Sentencing Guidelines for drug offenses. Joiner pleaded guilty to two counts of distributing five grams or more of crack cocaine. Although the applicable guidelines range was the statutory minimum of 120 months in prison, the district court determined that Joiner's criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history category was underrepresented and sentenced him to 180 months in prison. Joiner now argues that under Amendment 782 to the Sentencing Guidelines, he is entitled to a lower sentence.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). In determining whether to reduce a sentence under § 3582(c)(2), the district court first considers whether the defendant is eligible for a sentence modification; if so, the court must then consider the applicable 18 U.S.C. § 3553(a) factors to decide whether a reduction is warranted. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). We review de novo whether the district court had authority to reduce a sentence under § 3582(c)(2). *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

Section 1B1.10 of the Sentencing Guidelines limits the circumstances under which a defendant is entitled to a § 3582(c)(2) sentence reduction based on retroactive guidelines amendments. Only an individual currently serving a sentence determined by a guidelines sentencing range lowered by particular listed amendments is potentially eligible. *See* U.S.S.G. § 1B1.10(a), p.s. Even then, a reduction is not authorized if the amendment does not have the effect of lowering the defendant's applicable guidelines range because of the operation of another guideline or statutory provision. § 1B1.10, p.s., comment. (n.1(A)).

In the instant case, Joiner's applicable guidelines range would not be reduced if Amendment 782 were applied to lower the base offense level for his

distribution offenses because of the rules governing guidelines ranges below the statutory minimum. *See* U.S.S.G. § 5G1.1(b). Joiner asserts that the district court should apply the reduction to the guidelines range encompassing the upward departure sentence imposed. However, the "applicable guideline range" is defined as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to [U.S.S.G.] § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." § 1B1.10, p.s., comment. (n.1(A)); *see also United States v. Carter*, 595 F.3d 575, 577-81 (5th Cir. 2010) (finding that § 3582(c)(2) provided no authority for a district court to reduce a sentence imposed below the statutory minimum, which was also the original applicable guidelines range, because the amendment did not affect the applicable guidelines range). Consequently, the judgment of the district court is AFFIRMED.