# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11080

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2017

Lyle W. Cayce
Clerk

In re: JUAN CARLOS PINALES,

Movant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-220

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Pinales, federal prisoner # 50040-177, pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine and aiding and abetting. He filed a pro se motion to "vacate, correct[], or . . . set aside" his sentence on account of a "clarifying amendment." His motion contended that the district court erred in declining to apply a mitigating role adjustment under U.S.S.G. §3B1.2 and that he deserved a sentence reduction in light of Amendment 794 to the Guidelines. Construing his motion as one for a sentence reduction under 18 U.S.C. § 3582(c), the district court denied it. In a filing that we construe as a notice of appeal,[1] Pinales re-urges the arguments he made to the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although Pinales's filing was initially characterized as a motion for authorization to file a successive 28 U.S.C. § 2255 motion, our review of its substance leads us to conclude

No. 17-11080

Pinales's arguments on appeal are unavailing. Section 3582(c)(2) applies only to retroactive guidelines amendments as set forth in U.S.S.G. § 1B1.10(d). *See Dillon v. United States*, 560 U.S. 817, 826 (2010). Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) as an amendment for which a sentence reduction under § 3582(c)(2) may be granted. Therefore, the district court did not err in concluding that Amendment 794 is not a basis for the sentence reduction requested by Pinales. *See Dillon*, 560 U.S. at 826; *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). Likewise, Pinales's other challenges, largely based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), are not cognizable under § 3582(c)(2).

AFFIRMED.

---

that it is a constructive notice of appeal. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983).