# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10966
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO LICON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-251
USDC No. 5:14-CR-62-5

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gerardo Licon, federal prisoner # 28355-408, filed a pro se motion in the district court, purportedly pursuant to 28 U.S.C. § 2255, asserting that Amendment 794 to the Sentencing Guidelines demonstrated that the district court erred by not fully considering a reduction for his minor role in the offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10966

Licon appeals the district court's reconstruction of this motion as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Claims of misapplication of the Sentencing Guidelines are not cognizable under § 2255. *See United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999). In certain circumstances, the district court may reduce a sentence based on an amendment to the Guidelines. *See* § 3582(c)(2). In light of the relief Licon sought and the unavailability of relief under § 2255, the district court did not err in construing the motion as a § 3582(c)(2) motion. *See Castro v. United States,* 540 U.S. 375, 381-82 (2003).

We review de novo whether the district court had authority to reduce Licon's sentence under § 3582(c)(2). *See United States v. Jones,* 596 F.3d 273, 276 (5th Cir. 2010). Section 3582(c)(2) applies only to retroactive guidelines amendments that are listed in U.S.S.G. § 1B1.10(d), p.s. *See Dillon v. United States,* 560 U.S. 817, 826 (2010). As Licon concedes, Amendment 794 is not listed in § 1B1.10(d). Therefore, the district court did not err in denying a sentence reduction.

Finally, Licon argues that his counsel was ineffective for failing to object to the lack of minor role adjustment and for failing to appeal on that basis. Licon did not argue in the district court that his counsel had been ineffective. Therefore, this claim is raised for the first time on appeal, and we decline to consider it. *See Henderson v. Cockrell,* 333 F.3d 592, 605 (5th Cir. 2003).

AFFIRMED.