# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2018

Lyle W. Cayce
Clerk

No. 18-10617
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GUADALUPE MACEDO,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-129-3

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Guadalupe Macedo, appeals the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence for conspiracy to possess with intent to distribute methamphetamine. Macedo sought a modification of his sentence based on Amendment 794 to the Sentencing Guidelines. For the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first time on appeal, Macedo argues that he is eligible for relief because he was sentenced after Amendment 794 became effective.[1]

This court reviews de novo a district court's authority to reduce a sentence pursuant to § 3582(c)(2), *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010), as well as its denial of a motion to reconsider its authority, *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence if he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). Macedo is correct that he was sentenced after the effective date of Amendment 794. He is therefore ineligible for a sentence reduction under § 3582(c)(2), and the district court did not err in denying his motion.

Accordingly, the judgment of the district court is AFFIRMED, and Macedo's motion for the appointment of counsel is DENIED.

---

[1] Macedo also argues that the district court erred in denying his motion because Amendment 794, though not listed in U.S.S.G. § 1B1.10, is a clarifying amendment and therefore can be applied retroactively. A clarifying amendment to the Sentencing Guidelines can be applied retroactively on direct appeal, but it cannot be applied retroactively in a § 3582(c)(2) proceeding unless it is expressly listed in § 1B1.10(d). *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).