# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10249
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOE GARY RIVAS, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:02-CR-42-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Joe Gary Rivas, Jr., federal prisoner # 00278-180 and proceeding *pro se*, is serving a sentence of life imprisonment, imposed following his conviction of conspiring to import five kilograms or more of cocaine and 1,000 kilograms or more of marihuana, in violation of 21 U.S.C. § 963. In the matter that gives rise to this appeal, Rivas filed a successive motion for a reduction in his

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

sentence, pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment 782 to the Sentencing Guidelines.  The district court denied the motion.

Rivas contends he was eligible for a sentence reduction based on Amendment 782 because the amendment reduced his base offense level.

The denial of a § 3582(c)(2) motion is reviewed for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  Generally, we review *de novo* whether a district court has authority to reduce a sentence pursuant to § 3582(c)(2).  *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

At his original sentencing, Rivas' total offense level was 39, with a criminal history category VI, resulting in a Guidelines sentencing range of 360 months to life imprisonment.  Although Amendment 782 reduced Rivas' base offense level from 38 to 36, and in turn reduced his total offense level to 37, it did not lower his sentencing range; it remains 360 months to life imprisonment, as Rivas acknowledges in his brief.  Because Amendment 782 did not have the effect of lowering the applicable Guidelines sentencing range, the district court was not authorized to reduce Rivas' sentence.  *See* § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

AFFIRMED.