# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20343
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MILTON EARL CARBE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-337-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Milton Earl Carbe, federal prisoner # 66325-079, appeals the district court's denial of his motion for a sentence reduction under Section 404 of the First Step Act of 2018 (First Step Act), Pub. L. No. 115-19, 132 Stat. 5194 (2018), which, in relevant part, made Sections 2 and 3 of the Fair Sentencing Act of 2010 (Fair Sentencing Act), Pub. L. No. 111-220, 124 Stat. 2372 (2010), retroactively applicable to certain covered offenses. He argues that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred by: (1) treating his motion as arising under 18 U.S.C. § 3582(c)(2) rather than § 3582(c)(1)(B); (2) adopting the Government's alteration of the sentencing court's findings in violation of U.S.S.G. § 1B1.10(b)(1); (3) failing to consider his post-conviction rehabilitation and the applicable 18 U.S.C. § 3553(a) factors; and (4) finding that he was not eligible for a reduction under the First Step Act, which he claims made both the Fair Sentencing Act and Amendment 750 to the Sentencing Guidelines retroactive. According to Carbe, the superseding indictment was ambiguous as to the type of cocaine for which he was charged, and the record was replete with references to his distribution of cocaine base. We review Carbe's eligibility for relief under Section 404 of the First Step Act de novo. *See United States v. Jackson*, ___ F.3d ___, No. 19-20346, 2019 WL 6838017, at \*2 & n.2 (5th Cir. Dec. 16, 2019); *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

The record reflects that the district court did not impose a sentence for the "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." First Step Act, § 404(a), 132 Stat. at 5222; *see* Fair Sentencing Act, §§ 2-3, 124 Stat. at 2372. Carbe was charged with and convicted of conspiring to possess with intent to distribute and distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of § 841(a)(1) and (b)(1)(B). Neither Section 2 nor Section 3 of the Fair Sentencing Act altered the amount of powder cocaine required to trigger the statutory penalty ranges. *See Dorsey v. United States*, 567 U.S. 260, 269 (2012). Although the record does include several references to Carbe's distribution of cocaine base, these references were in relation to his relevant

conduct and did not alter the statutes of conviction. *See Jackson*, 2019 WL 6838017, at \*3 (concluding that a defendant's eligibility for relief under the First Step Act is based solely on his statute of conviction). Therefore, Carbe was not eligible for relief under Section 404 of the First Step Act, and the district court did not err in denying his motion for a sentence reduction under that Act. *See* First Step Act, § 404(a)-(b), 132 Stat. at 5222. The district court's judgment is AFFIRMED.