United States Court of Appeals
Fifth Circuit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

F I L E D
July 31, 2012

Lyle W. Cayce
Clerk

No. 12-50009
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN ROSHAN SKILLERN, also known as Heavy D,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:89-CR-76-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steven Roshan Skillern, federal prisoner # 49340-079, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence in light of Amendment 750 to the Sentencing Guidelines. By moving to proceed IFP, Skillern challenges the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We must determine "whether the appeal involves legal points arguable on their merits (and therefore

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If the appeal is frivolous, we may dismiss it sua sponte. *Baugh*, 117 F.2d at 202 n. 24.

Skillern was convicted by a jury of conspiracy to possess cocaine with intent to distribute. The district court sentenced Skillern to serve 400 months of imprisonment based in part on his being held accountable for 1,148.93 grams of cocaine base. In 2008, the district court reduced his sentence to 365 months of imprisonment pursuant to Amendment 706.

Skillern argues that the district court erred in denying his motion to further reduce his sentence under Amendment 750 without explaining the basis for the denial and in failing to consider his postsentencing conduct. He contends that the district court was unaware that it could sentence him at the bottom of the guidelines sentencing range.

In light of the drug quantity attributed to Skillern, the application of Amendment 750 resulted in the identical sentencing guidelines range that resulted from the application of Amendment 706. *See* U.S.S.G. § 2D1.1 The application of Amendment 750 did not result in a lower sentencing guidelines range and, therefore, the policy statement precluded the district court from modifying the sentence. *See* § 1B1.10(a), p.s. Because it determined that the sentence could not be modified, the district court did not reach the issue whether a reduced sentence was warranted under the 18 U.S.C. § 3553(a) factors, which could have included consideration of Skillern's postsentencing conduct. *See Dillon v. United States,* 130 S. Ct. 2683, 2691 (2010). Although the district court was not required to provide reasons for its denial of relief under § 3582(c)(2), *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), the record shows that it did so.

Because Skillern was not eligible for a sentence reduction under Amendment 750, he cannot show that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Dillon,* 130

S. Ct. at 2691; *Howard*, 707 F.2d at 220.  Skillern's request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.