# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2012

No. 12-10291
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK ANTHONY SARDIN, also known as Xavier James Sardin,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-164-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Derrick Anthony Sardin, federal prisoner # 35587-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentencing reduction based on Amendment 750 to the Sentencing Guidelines. He argues that despite his prior sentencing reduction based on Amendment 706, the Fair Sentencing Act (FSA) and Amendment 750 further lower his sentencing range because they lower mandatory minimum sentences for crack cocaine offenses. He argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nothing about Amendment 750 makes it inapplicable to prisoners who have received a previous reduction.

A district court may grant a § 3582(c)(2) motion only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). This court reviews a district court's decision "whether to reduce a sentence pursuant to . . . § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines de novo, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and footnote omitted).

When the district court reduced Sardin's sentence pursuant to Amendment 706, the district court determined that Sardin's revised guidelines range of imprisonment was 235 to 293 months. Applying Amendment 750, Sardin's guidelines range of imprisonment is still 235 to 293 months. *See* U.S.S.G. Ch. 5, Pt. A; § 2D1.1(c)(4); § 2D1.1 comment. (n.10). Therefore, the district court did not err in concluding that Sardin was ineligible for a further reduction and did not abuse its discretion in denying his motion.

AFFIRMED.