# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2013

Lyle W. Cayce
Clerk

No. 11-11196
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN WESLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-293-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kevin D. Wesley, federal inmate #30963-077, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence in light of Amendment 750 to the Sentencing Guidelines. By moving to proceed IFP, Wesley challenges the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We must determine "whether the appeal involves legal points arguable on their merits (and therefore

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If the appeal is frivolous, we may dismiss it sua sponte. *Baugh*, 117 F.2d at 202 n. 24.

Wesley was convicted after he pleaded guilty in 1997 to intent to distribute a substance containing a detectible amount of cocaine base (crack cocaine) and to possession with intent to distribute a mixture and substance containing a detectable amount of cocaine. The district court sentenced Wesley to serve 295 months of imprisonment based on his being held accountable for 1.1145 kilograms of crack cocaine and 2.474 kilograms of cocaine, which equated to 22,784.8 kilograms of marijuana. In 2008, the district court reduced his sentence to 236 months of imprisonment pursuant to Amendment 706.

Wesley argues that the district court erred in denying his motion to further reduce his sentence under Amendment 750 without first determining his guidelines range under the amendment or considering contemporaneously the 18 U.S.C. § 3553(a) factors.

In light of the drug quantity attributed to Wesley, application of Amendment 750 resulted in the identical sentencing guidelines range that resulted from application of Amendment 706. *See* U.S.S.G. § 2D1.1 Because application of Amendment 750 did not result in a lower sentencing guidelines range, Wesley was not entitled to a modification in his sentence. *See* § 1B1.10(a), p.s. Therefore, any error the district court made in not determining Wesley's guidelines range of imprisonment under Amendment 750 was harmless, and this court need not reach whether a reduced sentence was permissible under that amendment. *See Dillon v. United States,* 130 S. Ct. 2683, 2691 (2010); FED. R. CRIM. P. 52(a).

Because Wesley was not eligible for a sentence reduction under Amendment 750, he cannot show that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Dillon,* 130 S. Ct. at 2691; *Howard*, 707 F.2d at 220. Wesley's request for leave to proceed

IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.