# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 3, 2013

Lyle W. Cayce
Clerk

No. 12-30323
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CHRISTOPHER KINGSLEY, also known as Keg,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:97-CR-50079-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher Kingsley, federal prisoner # 09803-035, challenges the denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence following his 1998 conviction of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and 50 kilograms or more of cocaine base. The district court originally sentenced Kingsley to 286 months of imprisonment; however, his sentence was reduced to 216 months following the enactment of retroactive Amendment 706 to the United States Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kingsley moved for a second reduction pursuant to Amendment 750, which the district court denied, concluding that "[n]o further reduction is warranted under the Fair Sentencing Act of 2010 Guideline Recalculation because the offense level remains the same as previously applied."[1]

For the first time on appeal, Kingsley asserts that he was eligible for § 3582(c)(2) relief because his sentencing guidelines range following Amendment 750 is lower than the sentencing guidelines range used at the time he was originally sentenced. He concedes that the new sentencing guidelines range is the same range that the district court utilized when reducing his sentence pursuant to his first § 3582(c)(2) motion, but he argues that § 3582(c)(2) and the policy statements contained in the Guidelines do not require that the subsequent amendment to the Guidelines reduce his sentencing range further than the prior amendment. Rather, the relevant question is whether the amendment results in a range lower than the original sentencing range.

Because Kingsley did not raise this argument in the district court, review is for plain error. *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). Kingsley must show a forfeited error that was clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error only if it seriously affected the fairness, integrity or public reputation of judicial proceedings. *Id.*

We have unpublished authority supporting the district court's determination that Kingsley was ineligible for a reduction. *See United States v.*

---

[1] The quoted language used by the district court is somewhat ambiguous. The district court may have determined that Kingsley was ineligible for a reduction because Amendment 750 did not alter the previously reduced guidelines range. On the other hand, the district court may have concluded that, in the exercise of its discretion, no further reduction was justified. Despite this ambiguity, we, like the parties, read the language to mean that the district court determined that Kingsley was ineligible for a reduction. The outcome of the appeal is the same, even if the district court concluded that it had discretion to reduce the sentence but decided not to do so.

*Wesley*, 509 F. App'x 296 (5th Cir. 2013); *United States v. Sardin*, 500 F. App'x 350 (5th Cir. 2012); *United States v. Skillern*, 477 F. App'x 283 (5th Cir. 2012). Thus, even if there was error, Kingsley cannot show that it was clear or obvious under current law for purposes of plain error review. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009); *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). Accordingly, the judgment of the district court is affirmed. The previously filed motion by the Federal Public Defender to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), which remains pending, is denied as moot.

AFFIRMED; MOTION DENIED AS MOOT.

HAYNES, Circuit Judge, concurring:

I concur in the judgment of affirmance. I disagree, however, that the district court ruled that Kingsley was "ineligible for a reduction." The district court stated that no further reduction "is warranted" in light of the prior reduction and the lack of change in the guidelines. This statement does not clearly convey that the district court believed it lacked the power to reduce only that it found any such reduction not to be justified.