# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NEALWARD C. TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-4857
USDC No. 2:09-CR-260-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nealward C. Taylor, federal prisoner # 31212-034, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence and 28 U.S.C. § 2255 motion to vacate sentence. Taylor pleaded guilty to conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base and distribution of five grams or more of cocaine base, in violation of 21 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31118

§§ 841(a)(1) and (b)(1)(B) and 846.  He was sentenced to 156 months of imprisonment and eight years of supervised release.

We lack jurisdiction to consider Taylor's appeal of the denial of his § 2255 motion since he failed to file a timely notice of appeal.  *See Bowles v. Russell*, 551 U.S. 205, 208-14 (2007).  We will consider Taylor's untimely appeal of the denial of his § 3582(c)(2) motion since the Government has waived the non-jurisdictional requirement of a timely notice of appeal.  *See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007).

Section 3582(c)(2) permits the modification of a defendant's sentence where his guidelines range has been subsequently lowered by the Sentencing Commission.  § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).  Ordinarily, we review the district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Taylor contends that he is eligible for a sentence reduction under Amendment 750 to the Sentencing Guidelines, which implemented the Fair Sentencing Act of 2010 (FSA) and revised the Guidelines applicable to offenses involving cocaine base.  Taylor did not raise this issue in his § 3582(c)(2) motion; thus, review is for plain error.  *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

In Amendment 750, the Sentencing Commission amended the base offense levels for cocaine base in the drug quantity tables of U.S.S.G. § 2D1.1(c) to conform to the FSA.  U.S. Sentencing Guidelines Manual app. C., vol. III, amend. 750, pt. C, pp. 392-94.  Taylor's guidelines range was not based on the quantity of cocaine base pursuant to § 2D1.1(c); his guidelines range was based on his status as a career offender pursuant to U.S.S.G. § 4B1.1.  Contrary to Taylor's argument, his sentence was still based on the career offender Guideline even though the district court departed below the guidelines range.

No. 13-31118

Accordingly, he was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). As to Taylor's challenge to the adequacy of the district court's reasons for imposing sentence and its consideration of the 18 U.S.C. § 3553(a) factors, a § 3582(c)(2) motion may not be used to challenge the correctness of the defendant's original sentence, as Taylor attempts to do here. *See Dillon v. United States*, 560 U.S. 817, 831 (2010). There was no error, plain or otherwise in the district court's denial of Taylor's § 3582(c)(2) motion.

The judgment of the district court is AFFIRMED.