# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40555
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME HOMERO GUERRERO,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-446-2

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jaime Homero Guerrero appeals his conviction of conspiracy to possess with intent to distribute more than 50 grams of methamphetamine and possession with intent to distribute more than 50 grams of methamphetamine. Guerrero argues that the district court erred when it denied his motion to suppress all statements and evidence from the vehicle stop, search, and seizure that led to his arrest. Relying on *Ford v. State*, 158 S.W.3d 488 (Tex. Crim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40555

App. 2005), he argues that the stop was not justified at its inception because the Texas traffic offense of following too closely requires the law enforcement officer to articulate more than his opinion that the subject vehicle was too close to the preceding vehicle. Guerrero contends that the trooper was unable to articulate specific facts to support his conclusory opinion that the vehicle in which Guerrero was a passenger was following too closely.

We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005). "For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *Id.* at 430. If the officer "can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the search and seizure, the intrusion is lawful." *United States v. Santiago*, 310 F.3d 336, 340 (5th Cir. 2002) (internal quotation marks and alterations omitted).

The trooper provided specific, articulable facts in support of his reasonable suspicion that the driver of the Nissan was committing the traffic violation of following too closely, and his testimony was supported by the dashboard camera video and uncontradicted by Guerrero. On this record, the district court did not err in determining that the stop was justified at its inception and in denying the motion to suppress. *See Santiago*, 310 F.3d at 340; *see also United States v. Wallstrum*, 515 F. App'x 343, 349-50 (5th Cir. 2013); *United States v. Inocencio*, 40 F.3d 716, 727-28 (5th Cir. 1994).

AFFIRMED.