# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JAIME HOMERO GUERRERO,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-446-2

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jaime Guerrero, federal prisoner # 46020-379, filed in the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41150

a *pro se* motion, purportedly under 28 U.S.C. § 2255, asserting that Amendment 794 to the Sentencing Guidelines demonstrated that the district court erred by not applying a four-level reduction for his minor role in the offense. Guerrero, again *pro se*, appeals the district court's construction of that motion as a motion for sentence reduction via 18 U.S.C. § 3582(c)(2).

In his direct appeal, Guerrero did not challenge the denial of a minor-role reduction. *See United States v. Guerrero,* No. 14-40555, 600 F. App'x 936 (5th Cir. 2015) (per curiam). Claims of misapplication of the guidelines are not cognizable under § 2255. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). In certain circumstances, the district court may reduce a sentence based on an amendment. *See* § 3582(c)(2). In light of the relief Guerrero sought and the unavailability of relief under § 2255, the court did not err in construing the motion as a § 3582(c)(2) motion. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003).

We review *de novo* whether the district court had authority to reduce the sentence under § 3582(c)(2). *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). Section 3582(c)(2) applies only to retroactive guideline amendments that are listed in U.S.S.G. § 1B1.10(d), p.s. *Dillon v. United States*, 560 U.S. 817, 826 (2010). As Guerrero concedes, Amendment 794 is not listed there, so the court did not err in denying a reduction. *See Jones*, 596 F.3d at 276.

AFFIRMED.