NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 18, 2007
Decided July 20, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-3839

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 05 CR 50055-1 |
| QUINCY D. HUBBARD, *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

Quincy Hubbard pleaded guilty to possessing crack with intent to distribute, 21 U.S.C. § 841(a)(1), and possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1). In his written plea agreement, Hubbard reserved the right to challenge on appeal the denial of his motion to suppress the crack and the gun, both seized from his home in Rockford, Illinois. The district court calculated a guidelines imprisonment range of 292 to 365 months and sentenced Hubbard to a total of 294 months followed by five years' supervised release. Hubbard appeals, but his appointed lawyer has moved to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because he cannot discern any nonfrivolous arguments to pursue. Hubbard

declined our invitation to respond to counsel's facially adequate brief, *see* Cir. R. 51(b), but moved for substitute counsel instead.

The facts relevant to the suppression motion are not in dispute. On February 10, 2005, an informant told Douglas Pann, a detective with the Rockford Police Department, that he had purchased crack numerous times from a black man he knew only as "J." The most recent purchase, the informant said, was earlier that month. According to the informant, J was selling the crack from a house at 721 8th Avenue in Rockford, where he lived with his brother "Q." The informant said that Q was the supplier and that the brothers kept a large amount of crack at the house.

On March 8, 2005, Pann and two other detectives used the informant to make a controlled buy at the house on 8th Avenue. After searching the informant to ensure that he was not carrying drugs, they gave him money and dropped him off near the house. They watched him enter the front door, exit five minutes later, and return to their unmarked police car. The informant handed the detectives a plastic bag containing crack and told them that he bought it from Q.

Detective Pann put this information in an affidavit and on March 11, 2005, applied to a state judge for a warrant to search the house. At 11:29 a.m. the judge issued the warrant, which states that it was to be executed "not later than 96 hours after the time of issuance." Police executed the warrant on March 15 at 6:00 a.m., approximately 90.5 hours after the warrant was issued. They recovered 537 grams of crack and a .357 handgun.

The matter was referred to federal authorities, and after Hubbard was charged, he moved to suppress on the ground that the warrant was stale by the time it was executed. The district court denied the motion without an evidentiary hearing, holding that Pann's affidavit established that probable cause still existed at the time of the search because there was ongoing drug activity at the house. The court ruled in the alternative that suppression was unwarranted because the officers relied on the warrant in good faith.

In his *Anders* submission, counsel considers whether Hubbard could challenge the suppression ruling. Counsel recognizes that the warrant was issued on the basis of probable cause, but he questions whether Hubbard might renew his argument that the warrant was stale when executed. But as counsel correctly notes, the passage of time is less significant when ongoing criminal activity is suspected, as was the case here. *See United States v. Watzman*, 486 F.3d 1004, 1008 (7th Cir. 2007); *United States v. Gibson*, 123 F.3d 1121, 1125 (8th Cir. 1997) (holding that a four-day delay in execution did not render warrant stale given evidence of continuing criminal activity); *United States v. Allen*, 960 F.2d 1055, 1057 (D.C. Cir. 1992) (holding that ten-day delay in executing warrant did not

render warrant stale given evidence of continuing drug activity). And the kinds of evidence identified in the warrant—scales, cell phones, mixing devices, etc.—are not likely to disappear in less than a week.

In any event, even if the delay in execution was significant, it would be frivolous to challenge the district court's alternative ruling that the good-faith exception applied. Hubbard needed to demonstrate that the police officers could not reasonably have believed that the warrant was still valid when they executed it. *See United States v. Leon* 468 U.S. 897, 922-23 (1984); *United States v. Harris*, 255 F.3d 288, 293-94 (6th Cir. 2001) (noting that a reasonable officer would believe probable cause existed four days after warrant issued given evidence of ongoing drug activity). And it would be frivolous to argue that the officers could not reasonably rely on the state judge's determination that probable cause would exist for 96 hours. *See United States v. Grubbs*, 547 U.S. 90, 126 S. Ct. 1494, 1499 (2006) ("[T]he magistrate's determination that there is probable cause for the search amounts to a prediction that the item will still be there when the warrant is executed.").

Counsel also addresses whether Hubbard could challenge the voluntariness of his guilty pleas. But counsel reports that Hubbard wishes to have his pleas vacated only if he succeeds in overturning the adverse suppression ruling. Because counsel correctly concludes that any suppression argument would be frivolous, he properly refrains from addressing other contentions about the guilty pleas. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Finally, counsel considers whether Hubbard could challenge the reasonableness of his overall prison term but properly concludes that such a challenge would be frivolous. The district court adopted the guidelines calculations Hubbard stipulated to in his plea agreement, and imposed a total period of imprisonment only two months higher than the low end of the guidelines range. We would presume that term to be reasonable, *see United States v. Rita*, No. 06-5754, 2007 WL 1772146, at *6 (U.S. Jun. 21, 2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel has been unable to identify any factor that could rebut the presumption.

We therefore GRANT counsel's motion to withdraw, DENY Hubbard's motion for the appointment of substitute counsel, and DISMISS the appeal.