SUMMARY ORDER
Defendant Gerald Howard appeals from a final order of the District Court, entered on March 6, 2008, declining to modify defendant’s sentence pursuant to 18 U.S.C. § 3582(c)(2)[1] and U.S.S.G. § 1B1.10,[2] as amended effective March 3, 2008.[3] Having pleaded guilty to one count of peddling crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), defendant was sentenced in September 1996 principally to a term of 188 months’ imprisonment. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
The sole issue on appeal is whether the District Court erred in declining to reduce defendant’s sentence after the United States Sentencing Commission amended the Sentencing Guidelines to lower the base offense level for crack cocaine offenses. See generally United States v. Borden, 564 F.3d 100, 102 (2d Cir.2009) *820 (explaining the amendments to the Sentencing Guidelines). More specifically, defendant argues that his base offense level should have been reduced from 34 to 32 pursuant to the crack cocaine amendments. We review a district court’s decision to modify or maintain a sentence under 18 U.S.C. § 3582(c)(2) under an abuse of discretion standard. Id. at 101; cf. Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (“A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.” (internal citations, alterations, and quotation marks omitted)).
In this case, the District Court ordered the government to show cause why defendant’s sentence should not be modified, and the government demonstrated that defendant’s status as a career offender was an independent basis for establishing a base offense level of 34. See U.S.S.G. §§ 4Bl.l(a) (establishing the criteria for “career offender” status) and 4Bl.l(b) (setting the base offense level at 34 where the maximum statutory sentence for offense is 25 years or more); see also 21 U.S.C. § 841(b)(1)(B) (setting the maximum sentence for defendant’s offense at 40 years). Accordingly, the application of a new base offense level for defendant’s crack cocaine conviction did not lower defendant’s base offense level as a career offender, and defendant was not entitled to a reduction in his sentence. See 18 U.S.C. § 3582(c)(2) (authorizing sentence reductions where “a reduction is consistent with applicable policy statements issued by the Sentencing Commission); U.S.S.G. § lB1.10(a)(2)(B) (noting in a “policy statement” that a sentence reduction was not available where “an amendment ... does not have the effect of lowering the defendant’s applicable guideline range”); U.S.S.G. § 1B1.10 Application Note 1(A) (“[A] reduction in the defendant’s term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if ... an amendment ... is applicable to the defendant but ... does not have the effect of lowering the defendant’s applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).”).
Defendant also argues that, had the new offense levels for crack cocaine convictions been in place at the time he was sentenced, the government would not have opposed his being sentenced as if he had been charged with a 20-year maximum count under 21 U.S.C. § 841(b)(1)(C) rather than a 40-year maximum count under 21 U.S.C. § 841(b)(1)(B). .See App. 31-32, 34-35. If the District Court had adopted this approach, then Howard’s offense level under the career offender guideline would have been 32 rather than 34. Defendant argues that this connection between the crack cocaine guideline and his offense level of 34 makes him eligible for a reduction under 18 U.S.C. § 3582(c)(2). But 18 U.S.C. § 3582(c)(2) only authorizes sentencing reductions “in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered.” Whatever the government’s position might have been had the crack guideline reduction been in place when defendant was sentenced, the “sentencing range” he was sentenced under — which was produced by, inter alia, a conviction under 21 U.S.C. § 841(b)(1)(B) and the career offender guideline — has not been subsequently lowered.
We have considered defendant’s remaining arguments and find them to be without *821 merit. For the foregoing reasons, we AFFIRM the order of the District Court.

. 18 U.S.C. § 3582(c)(2) states, in relevant part: "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.”

. U.S.S.G. § 1B1.10(a)(2) states, in relevant part: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if ... (B) An amendment ... does not have the effect of lowering the defendant's applicable guideline range.”

.Effective March 3, 2008, U.S.S.G. § 1B1.10 was amended to permit retroactive reductions in sentences pursuant to Amendments 706 and 711, which lowered the base offense levels for certain crimes involving crack cocaine.