**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-7266

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TARRANT COUNTS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:96-cr-00155-FDW-3)

Submitted:  December 13, 2012       Decided:  December 18, 2012

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tarrant Counts, Appellant Pro Se.  Robert J. Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tarrant Counts appeals the district court's order granting his motion seeking a reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006).[1] This court reviews the denial of a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010).

Although the core of Counts' assertions on appeal takes issue with the district court's failure to reduce his sentence to the full extent that Counts requested, Counts misapprehends the application of the Guidelines to his case. Although Counts was designated a career offender under U.S. Sentencing Guidelines ("USSG") § 4B1.1 at his original sentencing, Counts' initial sentence was based on the crack Guidelines provisions in USSG § 2D1.1 because the § 2D1.1 provisions resulted in a higher offense level than the § 4B1.1(b) provisions. See USSG § 4B1.1(b) (providing that the offense level calculated under the career offender guidelines applies only if it is "greater than the offense level otherwise applicable").

Amendment 750, however, reduced Counts' offense level as calculated under the crack guidelines to a level that is

---

[1] Although the district court granted Counts' motion, the reduction granted by the court did not reduce Counts' sentence to the full extent that he had requested.

lower than his offense level as calculated under the career offender guidelines. Compare USSG § 2D1.1(c)(3) & (b)(1) with USSG § 4B1.1(b)(1). As a result, the career offender guidelines now control. See USSG § 4B1.1(b).

Under the Guidelines provisions now applicable to Counts, the district court gave Counts the greatest possible deduction that he could have received. See USSG § 1B1.10(b)(2)(A). We discern no abuse of discretion in the district court's refusal to reduce Counts' sentence to a degree larger than the Guidelines permit. See also Dillon v. United States, 130 S. Ct. 2683, 2690-92 (2010) (court may not revisit any Guidelines application decisions other than those affected by the applicable amendment); United States v. Stewart, 595 F.3d 197, 201 (4th Cir. 2010) (same).[2]

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] To the extent that Counts claims that the counsel who moved for § 3582(c)(2) relief on his behalf deprived him of effective assistance of counsel, we decline to reach Counts' claim because the record does not conclusively show any such ineffectiveness. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).