NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2013[*]
Decided April 19, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3584

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 05 CR 50055-1 |
| QUINCY D. HUBBARD, *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

Quincy Hubbard, a federal prisoner convicted of possession with intent to distribute crack cocaine, *see* 21 U.S.C. § 841(a)(1), appeals the district court's order classifying him as a career offender upon consideration of his motion under 18 U.S.C. § 3582(c) to reduce his sentence based on retroactive changes to the crack-cocaine sentencing guidelines. Hubbard, who has never contested the determination that he qualified as a career offender under

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

U.S.S.G. § 4B1.1(b), argues that the district court wrongly applied this guideline rather than the drug-quantity guideline as it did at his sentencing. We affirm.

At Hubbard's sentencing in 2006 the district court assigned him a base offense level of 36 under the drug-quantity guideline for possessing 537 grams of crack, which is between 500 grams and 1.5 kilograms, *see* U.S.S.G. § 2D1.1(c)(2) (2005); the total offense level dropped to 35 after adjustments. Although Hubbard qualified as a career offender under § 4B1.1, corresponding to an offense level of 34 under that guideline, the court found that the higher drug-quantity-based calculation controlled his sentence. *See* U.S.S.G. § 4B1.1(b). The court sentenced Hubbard to 294 months, near the bottom of his guidelines range of 292 to 365 months (based on an offender level of 35 and a criminal history category of VI). We later dismissed Hubbard's appeal. *United States v. Hubbard*, 247 F. App'x 18 (7th Cir. 2007).

In 2012 Hubbard filed a pro se § 3582(c) motion to reduce his sentence based on Amendment 750, which retroactively lowered the offense level for certain crack-cocaine offenses. U.S.S.G. § App. C., Vol. III 391–98 (2011). The district court granted the motion, reducing Hubbard's sentence by 32 months. The court noted that the amendment, which would have reduced Hubbard's offense level by four under the drug-quantity guideline (for a total offense level of 31), *see id.* § 2D1.1(c)(4) (2011), did not affect the calculation of his career-offender enhanced offense level of 34; that level yielded a revised range of 262 to 327 months, the bottom of which is 32 months below his original 294-month sentence.

On appeal Hubbard argues that the district court inappropriately "resentenced" him by applying the career-offender guideline because the court should have applied the drug-quantity guideline as it did at his sentencing. We disagree. A district court may modify an imprisonment term "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), but the court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced" and leave "all other guidelines application decisions unaffected." U.S.S.G. § 1B1.10; *see United States v. Wren*, 706 F.3d 861, 863 (7th Cir. 2013); *United States v. Williams*, 694 F.3d 918, 918–19 (7th Cir. 2012); *United States v. Jones*, 596 F.3d 273, 277 (5th Cir. 2010). At his original sentencing, Hubbard qualified as a career offender, but was sentenced under U.S.S.G. § 2D1.1 only because the drug-quantity guidelines provided a higher offense level (35) than the career-offender enhanced level under U.S.S.G. § 4B1.1 (34). But if Amendment 750 had been in effect at the time of the original sentencing, Hubbard would have been sentenced as a career offender, a designation which remains unchanged, because the enhanced offense level of 34 under § 4B1.1(b) would have been higher than the

amended offense level of 31 provided by § 2D1.1(c)(3) (2011). The district court thus did not err in applying the higher of the two offense levels.

**AFFIRMED**.