15-2038-cr(L)
*United States v. Thompson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand sixteen.

PRESENT:    AMALYA L. KEARSE,
                    JOSÉ A. CABRANES,
                    DENNY CHIN,
                            *Circuit Judges.*

---

UNITED STATES OF AMERICA,

            *Appellee,*                                         Nos. 15-2038-cr, 15-2039-cr

        v.

AARON THOMPSON, AKA A and A Plus,

            *Defendant-Appellant.*\*

---

**FOR UNITED STATES OF AMERICA:**          Sarah P. Karwan (Marc H. Silverman, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

---

\* The Clerk of Court is directed to amend the caption of the order as set forth above.

**FOR DEFENDANT-APPELLANT:**                    Aaron Thompson, *pro se*, Bruceton Mills, WV.

Appeals from orders of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of the January 27, 2014, order of the District Court is **DISMISSED**, and that the June 10, 2015, order of the District Court is **AFFIRMED**.

Defendant-appellant Aaron Thompson ("Thompson"), proceeding *pro se*, appeals two orders of the District Court that denied his motions pursuant to 18 U.S.C. § 3582(c)(2) for reductions of his 168-month sentence, imposed on June 10, 2010, following a guilty plea. The first is a January 27, 2014, order denying Thompson's two motions for a sentence reduction based on Amendment 750 to the United States Sentencing Guidelines (the "Guidelines"). The second is a June 10, 2015, order denying his motion for a sentence reduction based on Amendment 782 to the Guidelines. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **Appeal of the January 27, 2014, Order of the District Court**

We conclude that Thompson's appeal of the District Court's January 27, 2014, order is untimely.[1] Thompson's motions pursuant to § 3582(c)(2) were a "continuation of the prior criminal proceeding," *United States v. Arrango*, 291 F.3d 170, 171 (2d Cir. 2002), and thus Thompson had fourteen days to file his notice of appeal after the District Court entered its January 27, 2014, order denying his motion, *see* Fed. R. App. P. 4(b)(1)(A). Thompson filed his notice of appeal in June of 2015, more than a year after it was due. Although Rule 4(b) is not jurisdictional, when the government objects to the timeliness of an appeal, as it has here, the Rule "is mandatory and inflexible." *United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008). Accordingly, we dismiss as untimely Thompson's appeal of the District Court's January 27, 2014, order denying his motions.[2]

---

[1] Although Thompson indicates in his notice of appeal that he appeals from the "June 8, 2015" order denying his motion "pursuant to 18 U.S.C. § 3582 and Amendment 750 originally filed on October 11, 2011," the District Court did not enter an order in Thompson's case on June 8, 2015, and it is apparent from the record and from Thompson's brief that he means to appeal the January 27, 2014, order of the District Court. Accordingly, we treat Thompson's appeal as a challenge to the January 27, 2014, order.

[2] As best we can tell, Thompson refers to the date of the January 27, 2014, order as "June 8, 2015" in order to emphasize the assertion in his letter, attached to his notice of appeal, that he did not receive the order until June 8, 2015. Thompson does not address the untimeliness of his notice of appeal in his brief, however, and even if his appeal were timely, we would affirm substantially for the reasons stated by the

2

## II.     Appeal of the June 10, 2015, Order of the District Court

We conclude that Thompson's appeal of the District Court's June 10, 2015, order lacks merit because, as the District Court concluded, Thompson was ineligible for a sentence reduction pursuant to Amendment 782. Effective November 1, 2014, Amendment 782 modified § 2D1.1 of the Guidelines by lowering the sentencing range for certain drug-related offenses. *See* Amendment 782, Supplement to Appendix C – Amendments to the Guidelines Manual. Amendment 782, applied retroactively,[3] would reduce Thompson's base offense level from 38 to 34, and would reduce his total offense level from 39 to 35. *See* U.S.S.G. § 2D1.1(c)(3). The new offense level of 35, combined with Thompson's criminal history category of VI, yields an amended sentencing range of 292 to 365 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A. To be eligible for a sentence reduction under § 3582(c)(2), however, the requested reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and the policy statement set forth in § 1B1.10(b)(2)(A) does not permit a reduction in sentence where, as here, the defendant's original sentence (principally 168 months' imprisonment) is less than the term of imprisonment prescribed by the sentence at the bottom of the amended sentencing range (292 months' imprisonment) and the government did not file a substantial-assistance motion at the time of sentencing, *see* U.S.S.G. § 1B1.10(b)(2)(A). Accordingly, under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(2)(A), Thompson is ineligible for a sentence reduction pursuant to Amendment 782.[4]

---

District Court in its order, specifically, because Amendment 750 would not actually reduce his guideline range and because any reduction would be barred by U.S.S.G. § 1B1.10(b)(2)(A). *See* App. 103.

[3] Amendment 788, also effective November 1, 2014, states that Amendment 782 may be applied retroactively subject to U.S.S.G. § 1B1.10. *See* Amendment 788, Supplement to Appendix C – Amendments to the Guidelines Manual.

[4] Thompson urges that *Freeman v. United States*, 131 S. Ct. 2685 (2011), supports a reduction to his sentence under § 3582(c)(2). But *Freeman* addressed whether a separate requirement of § 3582(c)(2)—that the defendant was sentenced "based on" a guideline range that has since been amended—can apply where the defendant's sentence was imposed by a district court following a guilty plea pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *See id.* at 2690 (plurality opinion). Because we conclude that Thompson is ineligible for a reduced sentence insofar as a reduction would be inconsistent with U.S.S.G. § 1B1.10(b)(2)(A), we need not address Thompson's argument that his sentence was "based on" a Guidelines range.

**CONCLUSION**

We have considered all of the defendant-appellant's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal of the January 27, 2014, order of the District Court, and we **AFFIRM** the June 10, 2015, order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk