15-3245-cr (L)
*United States v. Lewis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand sixteen.

Present:
> GUIDO CALABRESI
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> JED S. RAKOFF
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee*,

> v.

SAMOL UM, AKA Sam, ANDREW BLAIR, ROBERT EDWARDS, AKA Robert Williams, AKA Bo-Rock, KEVIN GALLMAN, AKA Kev, Robert Bonner, Floyd Williams, AKA Mouse, CARLENE O'CONNOR, ROBERT BOWEN, AKA Cuz, AKA Cream, AKA Bowen Kizair, CONNIE ALSTON, HENRY NEAL, AKA Hank, TREMAINE WARD, AKA Papi, JASON ROMAN, AKA Baby J, AKA JS,

15-3245-cr(L)
15-3307-cr(CON)

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District, sitting by designation.

*Defendants*,

ANTHONY LEWIS, AKA Tony, AKA Barry
Fitzgerald James, AKA Jamaican Tony,

*Defendant-Appellant*.

_____

For Defendant-Appellant:             RICHARD A. REEVE, Sheehan & Reeve, New Haven, CT

For Defendant-Appellee:             ANTHONY E. KAPLAN, Assistant United States Attorney (SANDRA S. GLOVER, Assistant United States Attorney, of counsel, *on the brief*), for Dierdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On December 3, 2004, Defendant-Appellant Anthony Lewis ("Defendant") pled guilty to one count of conspiring to possess with intent to distribute fifty or more grams of cocaine base/crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. The district court initially calculated Defendant's total offense level as 37 — 38 for unlawful possession of 1.5 kilograms or more of cocaine under § 2D1.1(c)(1) of the Sentencing Guidelines, with a two-level increase for possession of a firearm under § 2D1.1(b)(1), and a three-level decrease for acceptance of responsibility under § 3E1.1(a). While Defendant was also a career offender, his total offense level under the Career Offender Table would only have been 34, U.S.S.G. § 4B1.1(b), and so, as required by the Guidelines, the district court used Defendant's drug table offense level in calculating the governing Guidelines range. Based on his total offense level of 37 and his Criminal History Category of VI, Defendant faced 360 months to life in prison.

At sentencing, while the Government indicated that Defendant had "provide[d] assistance," it maintained that he "did not live up to his cooperation agreement" in connection with trial testimony he provided. App'x 58–60. The Government therefore elected not to file a motion for a departure from the Guidelines. *See* U.S.S.G. § 5K1.1. Nonetheless the district court (Kravitz, *J.*) sentenced Defendant to a below-Guidelines sentence of 192 months, together with five years of supervised release, based on Defendant's "substantial cooperation and assistance to the Government," his age, and "all the other factors set forth in 18 U.S.C. § 3553(a)." App'x 77.

Congress and the Sentencing Commission subsequently reduced the Guidelines for crack-cocaine offenses in 2007, 2010, and 2014. Following each change, Defendant filed a motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction. The district court denied each motion. Defendant appeals the most recent two denials. We review *de novo* a district court's determination, as here, that a defendant is ineligible for a sentencing reduction. *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013).

## I.    Defendant's 2011 Motion

As relevant here, Defendant filed his first motion for a sentence reduction on December 30, 2011 following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Under the amended drug table, Defendant's total offense level would have been 33, leading to a Guidelines range of 235 to 293 months.[1] Defendant's sentence was therefore lower than the amended Guidelines range.

---

[1] The Probation Department reasoned that because Defendant was a career offender, and his offense level under the Career Offender Table was 37 (34 after the three-level decrease for acceptance of responsibility), that offense level dictated the plicable Guidelines range, namely

3

Section 1B1.10 of the Sentencing Guidelines, a policy statement the Supreme Court has deemed controlling, *see Dillon v. United States*, 560 U.S. 817, 821 (2010); *see also* 18 U.S.C. § 3582(c)(2), provides that a district court may not reduce a defendant's term of imprisonment to "less than the minimum of the amended guideline range" unless the sentence was originally lower than the then-applicable Guidelines range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2). Accordingly, given that any reduction in Defendant's sentence would have produced a term of imprisonment below the applicable amended Guidelines range, he was not entitled to a sentence reduction absent a Government motion. *See United States v. Steele*, 714 F.3d 751, 755 (2d Cir. 2013).

While Defendant admits that the Government did not file the requisite motion at his sentencing, he argues that he still rendered substantial assistance that led to his below-Guidelines sentence, and that, therefore, he is still eligible for a sentence reduction. Section § 1B1.10(b)(2)(B) is unambiguous, however, in requiring a government motion.

Further, the record does not suggest that Defendant provided the amount of assistance that warranted a motion. The Government elected not to file a § 5K1.1 motion because it believed Defendant did not testify truthfully. The district court likewise recognized that while Defendant's cooperation was "of assistance pretrial" so as to justify consideration under 18 U.S.C. § 3553(a), App'x 39, it was not "significant [enough] to generate the 5k1 [motion]," *id.* at 68.

Our decision in *United States v. Erskine*, 717 F.3d 131 (2d Cir. 2013), does not counsel a different outcome. The footnote Defendant cites, *see id.* at 137 n.6, merely summarizes the

---

262 to 327 months. *See* U.S.S.G. § 4B1.1(b). This determination is irrelevant to Defendant's first motion, but it is of central importance to his second.

4

practical import of § 1B1.10(b)(2)(B), and it nowhere suggests that the provision of substantial assistance is sufficient absent a motion. The district court therefore correctly concluded that Defendant was ineligible for a reduced sentence. *See United States v. Thompson*, 639 F. App'x 39, 41 (2d Cir. 2016) (summary order) (finding defendant ineligible for a sentence reduction in part because "the government did not file a substantial-assistance motion at the time of sentencing").

## II.     Defendant's 2015 Motion

On August 24, 2015, while Defendant's motion for reconsideration was pending, and following an additional reduction in the crack-cocaine Sentencing Guidelines, *see* Sentencing Guidelines Manual, app. C., amend. 782 (2014), Defendant filed another motion under 18 U.S.C. § 3582(c)(2). Pursuant to the drug table, Defendant's new total offense level would have been 31, leading to a Guidelines range of 188 to 235 months. The Probation Department reasoned, however, that under § 4B1.1(b) of the Sentencing Guidelines, Defendant's offense level of 37 under the Career Offender Table governed. Accordingly, his total offense level would have been 34 (after a three-level reduction for acceptance of responsibility), and his amended Guidelines range would have been 262 to 327 months, once again rendering his actual sentence below the applicable Guidelines range.

On September 15, 2015, the district court summarily denied Defendant's motion in a form order. Both parties appear to assume that the district court adopted the Probation Department's reasoning in denying Defendant's motion. We agree that Defendant was not eligible for a sentence reduction on that basis.

In determining whether a defendant is eligible for a sentence reduction, § 1B1.10(b)(1) directs district courts to

determine the amended guideline range that would have been applicable to the defendant if the [applicable amendments] had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the [applicable amendments] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Defendant's principal claim is that he was eligible for a reduced sentence because, when he was sentenced, the district court used his drug table offense level under § 2D1.1 of the Sentencing Guidelines, rather than his Career Offender Table offense level under § 4B1.1(b). Defendant contends that such choice was a "guideline application decision[]" that cannot be disturbed. This argument is meritless.

Section 1B1.10(b)(1) plainly requires the district court to look to the "guideline range that would have been applicable" had the reduction been in effect at the time of sentencing. Determining the applicable Guidelines range involves calculating the offense level. This, in turn, requires applying § 4B1.1(b) of the Sentencing Guidelines, which provides that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." Therefore, because Defendant's offense level under the Career Offender Table was higher than that under the drug table, the former governed, leading to an applicable Guidelines range that was higher than the sentence Defendant received, and rendering Defendant ineligible for a sentence reduction. *See* U.S.S.C. § 1B1.10 Application Note 1(A) (emphasis added) (explaining that a reduction is not authorized where "an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.").

This reasoning has support both in our Circuit, *see United States v. Howard*, 331 F. App'x 818, 820 (2d Cir. 2009) (summary order) ("[D]efendant's status as a career offender was

6

an independent basis for establishing a base offense level of 34. Accordingly, the application of a new base offense level for defendant's crack cocaine conviction did not lower defendant's base offense level as a career offender, and defendant was not entitled to a reduction in his sentence.") (citations omitted), and among our sister circuits, *see United States v. Tellis*, 748 F.3d 1305, 1309 (11th Cir. 2014) (explaining that because the defendant was a career offender, the guidelines amendment "did not lower his offense level . . . and thus did not alter the guideline range" and so "the district court correctly concluded that it had no discretion to lower his sentence."); *United States v. Hubbard*, 508 F. App'x 561, 562 (7th Cir. 2013) (explaining that the defendant was sentenced under the drug-quantity guidelines only because they provided a higher offense level than the Career Offender Table, and that "if Amendment 750 had been in effect at the time of the original sentencing, [the defendant] would have been sentenced as a career offender," such that use of Career Offender Table was warranted when considering the defendant's motion for a sentence reduction); *United States v. Counts*, 500 F. App'x 220, 220–21 (4th Cir. 2012) (per curiam) (indicating that where a retroactive amendment to the guidelines reduces a defendant's drug table offense level to lower than that dictated by the Career Offender Table, the latter controls on a motion for a reduced sentence).

Our decision in *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009) (per curiam), does not suggest otherwise. In that case, we found a defendant eligible for a sentence reduction where the district court explicitly granted a downward departure from the Guidelines range dictated by the Career Offender Table to that dictated by the drug tables, thereby, in our view, rendering the latter range the operative one for sentence-reduction purposes.[2] No such

---

[2] The Sentencing Commission also subsequently, and explicitly, rejected *McGee's* reasoning, making clear that the "applicable guideline range" for sentence reduction purposes is that

7

circumstance exists here—there is no allegation that the district court *departed* from the Career Offender Table.    To the contrary, the district court used Defendant's drug table offense level under § 2D1.1 to determine the appropriate Guidelines range precisely because the base offense level was *higher* thereunder.

Following § 4B1.1(b) here likewise does not produce a "perverse" result.    Appellant's Br. 27.    That section of the Sentencing Guidelines was applicable both before and after the relevant sentencing reductions, and so it governed Defendant's sentence at all relevant times.    If anything, it would be perverse to allow Defendant to evade the career offender guidelines simply because he initially was subject to an even *higher* offense level.    Indeed, Defendant's interpretation would result in him facing a lower Guidelines range upon resentencing than an identical defendant would face if sentenced for the first time.

### III.    Conclusion

We have considered Defendant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

determined prior to consideration of any departure.    *United States v. Montanez*, 717 F.3d 287, 294 (2d Cir. 2013).