# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50356
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO SOSA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-722-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alejandro Sosa, Jr., federal prisoner # 58495-280, challenges the denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a reduction of his concurrent 108-month prison terms based on Amendment 782 to the Sentencing Guidelines. He contends that the district court erred by mistakenly finding that he was ineligible for a sentence reduction because of his original above-guidelines sentence. He contends alternatively that, even if

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court recognized its authority to reduce his sentence, it failed to reevaluate the 18 U.S.C. § 3553(a) factors when it considered his motion.

We review Sosa's contentions for plain error because he did not present them to the district court first. *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). To prevail, he "must show a forfeited error that is clear or obvious and that affects his substantial rights." *Id.* Even when such a showing has been made, "this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The district court's determination that Sosa was eligible for § 3582(c)(2) relief was implied by its agreement with the parties that, in light of Amendment 782, Sosa's amended guidelines range was 57 to 71 months. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011). Sosa has not shown clear or obvious error in the district court's eligibility finding. *See Jones*, 596 F.3d at 276.

We need not decide whether the district court committed error that is clear or obvious when it stated that, because Sosa had originally been sentenced above his guidelines range, he would not be "entitled to a reduction as a direct application." Even if we assume arguendo that the district court committed clear or obvious error, Sosa has not shown that it affected his substantial rights. *See id.* To make such a showing, he had to demonstrate a reasonable probability that, but for the district court's statement, he would have received a lower sentence. *See id.* at 277. Given the court's reliance on the new, undisputed guidelines range, its emphasis on Sosa's lengthy criminal history, and its subsequent rejection of an 88-month sentence, Sosa has not shown a reasonable probability that, but for the court's unclear statement, he would have received a lower sentence. *See id.* Furthermore, in light of Sosa's

lengthy criminal history and the nature of some of his prior offenses, which he does not dispute, we are not convinced that any purported error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 276.

Finally, the record reflects no clear or obvious error in the district court's evaluation of the § 3553(a) factors. *See id.* The court did not imply that it had no obligation to reconsider the factors. *Cf. United States v. Henderson*, 636 F.3d 713, 718-19 (5th Cir. 2011). Rather, it expressly discussed particular factors, such as Sosa's criminal history and a prior robbery offense, and properly considered his postconviction conduct. *See* § 3553(a)(1); *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010). The record indicates that the court gave due consideration to Sosa's motion as a whole and conducted the required reevaluation of the § 3553(a) factors. *See Henderson*, 636 F.3d at 718. We will not reweigh those factors on appeal. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995).

AFFIRMED.