# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHNNIE DOGGINS,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-250-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Johnnie Doggins contests the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on amendments to the Sentencing Guidelines for drug offenses. Doggins was convicted of two counts of distribution of cocaine base and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Although the Guidelines sentencing range was 121 to 151 months' imprisonment, Doggins

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-40009

was sentenced to the statutory minimum of 240 months.  This court affirmed his conviction and sentence on appeal.  *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).  Doggins asserts that, under Amendments 750 and 782 to the Sentencing Guidelines, he is entitled to a reduction in his sentence.

Section 3582(c)(2) grants the district court the discretion to reduce a defendant's sentence if he was sentenced to a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission, if such a reduction is consistent with applicable policy statements issued by the Commission.  18 U.S.C. § 3582(c)(2).  When faced with a § 3582(c)(2) motion, the district court first considers whether movant is eligible for a sentence reduction under Guideline § 1B1.10.  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  If the court determines defendant is eligible, it must then consider the applicable 18 U.S.C. § 3553(a) sentencing factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case".  *Id.* at 827.

Review of a district court's authority to reduce a sentence pursuant to § 3582(c)(2) is *de novo*.  *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010) (citation omitted).  On the other hand, review of the court's discretionary decision whether to deny a motion for reduction of a sentence under § 3582(c)(2) is for abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (citation omitted).

The policy statement provided in Guideline § 1B1.10 dictates the court may reduce defendant's term of imprisonment under § 3582(c)(2) "[i]n a case in which a defendant is serving a term of imprisonment, and the [G]uidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines . . .".  *See* U.S.S.G. § 1B1.10(a)(1).  The phrase "[G]uideline[s] range applicable" includes a statutory minimum

2

sentence when it applies. *United States v. Carter*, 595 F.3d 575, 580–81 (5th Cir. 2010). Thus, for defendants sentenced under Guideline § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required maximum sentence shall be the guideline sentence."), the applicable Guidelines range is the mandatory minimum sentence "even [though] it involves a 'range' of only one number". *See id.* at 581.

Doggins is not entitled to a reduction in sentence because application of Amendments 750 and 782 does not lower his applicable Guidelines range. *See* Guideline § 1B1.10(d) cmt. n.1(A). As stated, his current term of imprisonment is based upon a statutory minimum sentence. 21 U.S.C. § 841(b)(1)(A) (2009); U.S.S.G. § 5G1.1(b). As such, his applicable Guidelines range is the statutory minimum sentence. *See Carter*, 595 F.3d at 577–81. Neither amendment lowers that minimum sentence. Thus, the court did not err in concluding Doggins is ineligible for a reduction in sentence under § 3582(c)(2). *See* Guideline § 1B1.10 cmt. n.1(A).

To the extent Doggins contends he is eligible for relief from the statutory mandatory minimum sentence under a retroactive application of the Fair Sentencing Act, his claims are likewise unavailing and are foreclosed by our decision in *Doggins*, 633 F.3d at 384.

AFFIRMED.